## Commonwealth v. Munchback

*Jeffrey Finley,* assistant district attorney for defendant.
*Mel Kardos,* for defendant.

GARB, *P.J.,* December 14, 1984—Defendant was convicted by a jury of driving a vehicle while under the influence of intoxicating liquor. He has filed motions in arrest of judgment and for a new trial. Although he raises several issues, we award him a new trial on one only and do not address the others.

As a result of his arrest on November 6, 1982, a breathalyzer test was administered utilizing the Smith & Wesson Breathalyzer 1000 at the Bensalem Township Police Department. At or about that time information had been disclosed regarding the reliability of such a machine particularly when operated in close proximity to certain types of radio transmitters or receivers. Defendant purported to raise this as an issue in order to exclude the results of the breathalyzer test.

In advance of trial, defendant had requested various discovery under and pursuant to Pa. R. Crim. P. 305. Specifically, he requested the Commonwealth to provide results, reports and scientific tests, expert opinions and written or recorded reports or polygraph examinations or mental examinations of defendant in the possession or control of the Commonwealth. On the day immediately prior to trial the Commonwealth informed defendant for the first time of an expert who would testify regarding the reliability of this particular machine. Defendant sought to have that testimony excluded as a violation of the provisions of Rule 305 or in the alternative for a continuance for the opportunity to attempt to secure an expert to study the report of the Commonwealth's expert and perhaps testify for the defendant in contradiction thereto. Both requests were denied.

Section 305B(1)(e) provides in relevant part as follows:

"Disclosure by the Commonwealth (1) Mandatory: In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, . . .

(e) results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth."

Obviously, defendant's request for discovery derived from this section and we believe would compel the disclosure of the identity of the Commonwealth's expert regarding the Smith & Wesson breathalyzer machine as well as any reports or opinions which the Commonwealth may have. It cannot be gainsaid that these matters were relevant and of importance to this case in view of the contention by defendant of the unreliability of the breathalyzer test and his efforts to exclude that evidence. It should be noted that the test results were .13 percent.

Therefore, we believe that defendant was significantly prejudiced by the denial of his continuance request in order to prepare to meet this new and surprising Commonwealth evidence. For that reason, and in the interest of justice, we will order a new trial.

## ORDER

And now, this December 14, 1984, it is hereby ordered that defendant's motion for a new trial is granted.